9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carrol Richard OLSON Plaintiff-Appellant,
v.
David R. McKUNE, Warden, LCF; Linden Appel, Attorney; Gary
Stotts, Secretary of Corrections; Joan Finney,
Governor; State of Kansas, Defendants-Appellees.
 No. 93-3140.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1993.
 
 Before MOORE, ANDERSON, and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on Carrol Richard Olson's motion to proceed on appeal without prepayment of costs and fees. To prevail Olson must demonstrate his financial inability to pay the required fees and a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(a); Coppedge v. United States, 369 U.S. 438, 446 (1962).
 
 
 3
 Olson seeks review of the district court's dismissal of his 42 U.S.C.1983 complaint. Olson complained that defendants wrongfully seized his personal property; transferred him to maximum security housing in retaliation for filing lawsuits; and interfered with his access to court by seizing and shredding his legal files. The district court dismissed the access-to-court claim because Olson raised the same claim in another lawsuit, then pending before the district court. The court dismissed the remaining claims as frivolous under 28 U.S.C.1915(d).
 
 
 4
 Although Olson claims on appeal that the district court erred in its "entire ruling," his argument focuses only on the access-to-court issue. Because Olson does not specifically discuss the remaining claims, we deem them waived. See United Transp. Union v. Dole, 797 F.2d 823, 827 (10th Cir.1986). Regarding the access-to-court claim, Olson argues that defendants' seizure of his legal files amounts to a serious deprivation of his constitutional rights and it was unjust for the district court to have dismissed this claim. This argument, however, fails to challenge the district court's stated reason for dismissal. The district court did not consider the merits of the claim because Olson was simultaneously pursuing the same claim in another lawsuit. We find no error in the district court's dismissal of the claim.
 
 
 5
 In the absence of a reasoned, nonfrivolous argument in support of the issue on appeal, we DENY the motion to proceed in forma pauperis. We waive the fees in this case and AFFIRM the judgment of the United States District Court for the District of Kansas. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3